IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xavier Luis Lopez, | No. CV-22-00401-TUC-JAS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Maria S. Aguilera recommending this Court deny and dismiss with prejudice Petitioner's Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 13). A review of the record reflects that the parties have not filed any objections to the Report and Recommendation and the time to file objections has expired.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties have fourteen days from the service of a copy of the Magistrate Judge's recommendation within which to file written objections to the Court. *Id.*; Fed. R. Civ. P. 72. It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). If no objection is made, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition (citing

*Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

The Court has reviewed the record and concludes that Magistrate Judge Aguilera's recommendations are not clearly erroneous, and they are adopted. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1). Section 2253(c)(2) provides that a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In the certificate, the court must indicate which specific issues satisfy this showing. 28 U.S.C. §2253(c)(3). A substantial showing is made when the resolution of an issue is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Upon review of the record considering the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the petition is not debatable among reasonable jurists and does not deserve further proceedings.

Accordingly, **IT IS ORDERED:**

(1) The Report and Recommendation (Doc. 13) is **accepted and adopted**;

(2) Plaintiff's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) is **denied** and this case is **dismissed with prejudice**;

(3) A Certificate of Appealability is denied and shall not issue; and

(4) The Clerk of Court shall enter judgment in accordance with this Order and close the file in this case.

Dated this 26th day of March, 2025.

Honorable James A. Soto
United States District Judge